1 Mary McNamara, SBN # 147131
SWANSON, McNAMARA & HALLER LLP
2 300 Montgomery Street, Suite 1100
San Francisco, California 94104
3 Telephone: (415) 477-3800
Facsimile: (415) 477-9010
4

5 Attorney for SONNY LEE DETRICK

6

7

8

9

10

11 UNITED STATES OF AMERICA,         Case No. CR 05 00797 MHP (MEJ)

12              Plaintiff,            [PROPOSED] ORDER RE REDUCTION
                                      OF BAIL AMOUNT AND AMOUNT OF
13     vs.                            BAIL SECURED BY PROPERTY

14 EDDIE LANE SHIELDS, JOHN DAVID
   MIRANDA, JR., and SONNY LEE DETRICK,
15
                Defendants.
16

17

18     On February 8, 2006, defendant Sonny Lee Detrick made his initial appearance in this Court.
19 Defendant Detrick was represented by Mary McNamara, and the United States was represented by
20 Assistant United States Attorney C. David Hall.
21     Defendant applied for immediate release. In support of his application, defendant's counsel
22 proffered that, among other things, he was eligible for safety valve relief on account of his very minor
23 criminal history, he was a life-long resident of Humboldt County, he had minor children whom he
24 supported financially and to whom he was very close, he had never acquired a passport or traveled
25 outside the United States, he had a history of gainful employment, his parents, ex-partner, children and
26 sister were all present in court to support his application for bail and that the adult members of his family
27

28 **Order re Reduction of Bail re Sonny Lee Detrick**
   **CR 05 00797 MHP (MEJ)**

1  who were present were willing to sign a bond for his release. In addition, counsel advised the Court that
2  defendant's parents were willing to post their property, which had equity of over $900,000 to secure
3  defendant's release. The government opposed defendant's application for immediate release, stating that
4  while it was likely that the government would agree to terms for release after a bail review, it was not in
5  a position to so agree in the absence of a bail report.
6      Having heard the presentations of counsel, the Court ordered that it would release defendant
7  immediately on a $500,000 bond to be secured in that amount by the posting of defendant's parents'
8  property, which was to be done forthwith, that defendant, defendant's parents, sister and ex-partner sign
9  the bond as sureties and that defendant be placed on electronic monitoring until a bail study could be
10 completed and the Court had an opportunity to reassess the amount of bail and conditions of release at a
11 further hearing that the Court set for February 15, 2006. The Court ordered the United States Pretrial
12 Services Office to perform a bail study of defendant to be returned to the Court on February 15, 2006.
13 The Court took the signatures of all sureties that day and defendant was released from custody the same
14 evening.
15     On February 15, 2006, defendant appeared as ordered for the purpose of having the bail amount
16 and the conditions of release reassessed by the Court. Defendant was again represented by Mary
17 McNamara and the United States was represented by AUSA Tim Lucey, standing in for AUSA Hall.
18 The United States Pretrial Services Office released its bail study to the Court and counsel. The bail
19 study advised the Court that electronic monitoring of defendant was not necessary in defendant's case in
20 view of his extensive ties to the community and what Pretrial Services assessed as defendant's low risk
21 of flight. Counsel for defendant represented to the Court that defendants' parents had recorded a deed of
22 trust in favor of the Clerk of Court against their property to secure bail for defendant in the amount of
23 $500,000. Counsel for defendant then moved the Court to reduce the amount of bail to allow defendant
24 to post his own property, rather than that of his parents, which property counsel represented had equity
25 of $100,000, and that defendant also be released from electronic monitoring. The position of the United
26 States was that, if the Court were to reduce defendant's bail, defendant should remain on electronic
27
28 **Order re Reduction of Bail re Sonny Lee Detrick**
**CR 05 00797 MHP (MEJ)**

1 | monitoring for thirty days to assess his compliance with his terms of his release.

2 | Having heard the presentations of counsel, the Court ordered that it would reduce defendant's
3 | bail amount to $200,000, of which $100,000 was to be secured by defendant's own property, rather than
4 | that of his parents. The Court also ordered that defendant was to remain on electronic monitoring for a
5 | further 30 days from February 15, 2006 in order for Pretrial Services to assess his compliance with the
6 | conditions of his release. The Court further ordered that, if in the assessment of Pretrial Services,
7 | defendant was compliant in that time period, Pretrial Services could make the decision to terminate
8 | electronic monitoring for defendant after he had been on monitoring for the 30 days. The Court ordered
9 | that, pending the re-signing of a new bond by the sureties and the posting of defendant's property in the
10 | amount of $100,000, defendants' parents property was to remain as security for defendant's bond.

12 | APPROVED AS TO FORM:

14 | _____
15 | C. David Hall
   | Assistant United States Attorney

18 | IT IS SO ORDERED                      _____
                                            MARIA ELENA JAMES
                                            United States Magistrate Judge

28 | **Order re Reduction of Bail re Sonny Lee Detrick**
   | **CR 05 00797 MHP (MEJ)**

3